a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **PATRICK FAY,** Plaintiff | **CASE NO. 1:18-CV-1505; SEC. P** |
| **VERSUS** | **JUDGE DEE D. DRELL** |
| **CONCORDIA PARISH CORRECTIONAL FACILITY, ET AL.,** Defendants | **MAGISTRATE JUDGE PEREZ-MONTES** |

### REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 filed by pro se Plaintiff Patrick Fay ("Fay"). (Doc. 1). Fay is a pretrial detainee at the Concordia Parish Correctional Facility ("CPCF") in Ferriday, Louisiana. Fay complains that Defendants failed to protect him from an assault by convicted inmates, and he was denied medical care following the attack. Fay names as Defendants CPCF, Warden Lance Moore, the Concordia Parish Sheriff, Officer Patrick Haile, the Lafayette Parish Sheriff's Office, Sheriff Mark Garber, and the Lafayette Parish Correctional Center ("LPCC") Warden. (Doc. 6, p. 3; Doc. 12, p. 3).

Because Fay fails to state a claim for which relief can be granted against CPCF, the Lafayette Parish Sheriff's Office, Sheriff Garber, the Concordia Parish Sheriff, or the LPCC Warden, Fay's claims against those Defendants should be DENIED and DISMISSED WITH PREJUDICE.

I.   **Background**

Fay alleges that he was attacked by three inmates who are in the custody of the Louisiana Department of Corrections ("DOC"). The inmates beat him with a bar

of soap inside of a sock, resulting in the loss of four teeth. (Doc. 6, p. 3). Fay alleges that Officer Patrick Haile watched the attack but did not intervene and waited until the attack was over before he radioed for assistance. (Doc. 11, p. 1). Fay alleges that his requests for medical care have been denied by the CPCF warden. (Doc. 11).

Fay complains that the Lafayette Parish Sheriff and/or Sheriff's Office and LPCC Warden are liable for transferring him to CPCF. (Doc. 12, p. 3).

II. Law and Analysis

    A. Fay's Complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A.

Fay is a prisoner proceeding in forma pauperis. (Doc. 9). As a prisoner seeking redress from an officer or employee of a governmental entity, Fay's Complaint is subject to preliminary screening pursuant to § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding in forma pauperis, Fay's Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for sua sponte dismissal of a complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to

plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

> B. Fay cannot state against the Lafayette Parish Sheriff or Sheriff's Office, the Concordia Parish Sheriff, or the LPCC Warden.

Fay alleges that he was transferred to CPCF by the Lafayette Parish Sheriff and LPCC Warden. Since Fay was attacked at CPCF, he claims that the Lafayette Parish Sheriff and/or Sheriff's Office and LPCC Warden are liable for his injuries. To the extent Fay names the Lafayette Parish Sheriff's Office as a Defendant, his claim fails. The State of Louisiana does not grant legal status to any parish sheriff's office. Liberty Mut. Ins. Co. v. Grant Parish Sheriff's Dep't, 350 So.2d 236 (La.Ct. App. 1977), writ refused, 352 So.2d 235 (La. 1977). The Lafayette Parish Sheriff's Office is not a legal entity capable of being sued. Ruggiero v. Litchfield, 700 F. Supp. 863, 865 (M.D. La. 1988).

Fay's claims against the Lafayette and Concordia Parish Sheriffs are likewise without merit. A suit against an officer in his official capacity is the same as a suit against the entity of which the officer is an agent. Therefore, a suit against these Sheriffs in their official capacities is essentially a suit against Lafayette Parish and Concordia Parish. See Kentucky v. Graham, 473 U.S. 159, 165 (1985). A city or parish may be liable under § 1983 if the execution of one of its customs or policies deprives a plaintiff of his or her constitutional rights. Monell v. Dep't of Social Servs., 436 U.S. 658, 690–91 (1978); Jones v. City of Hurst, Tex., No. 4:05-CV-798-A, 2006 WL 522127, at *3 (N.D. Tex. Mar. 2, 2006). Fay does not identify any policy or custom of either Parish enforced by the Sheriffs that caused a constitutional deprivation.

Fay does not allege a constitutional violation by either Sheriff in his individual capacity, either. Fay does not claim that Sheriff Garber personally monitors the transfer of inmates or had any advance knowledge of the inmates with whom CPCF would house Fay. Likewise, Fay does not allege any personal involvement by the Concordia Parish Sheriff.

To establish deliberate indifference in the context of the Eighth Amendment, a prisoner must show that the defendants: (1) were aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn; and (2) that they actually drew an inference that such potential for harm existed. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Fay does not allege that either Sheriff knowingly disregarded an excessive risk to Fay's health or safety. Id. at 831.

Likewise, Fay fails to state a claim against the LPCC Warden. Fay does not allege that the LPCC Warden knowingly disregarded an excessive risk to Fay's safety or had any knowledge of the inmates with whom CPCF would house Fay.

    C.    <u>Fay fails to state a claim against CPCF.</u>

To the extent Fay sues CPCF, his claim fails. Under federal law, a county (or parish) prison facility is not a "person" within the meaning of Rule 17 of the Federal Rules of Civil Procedure. Wetzel v. St. Tammany Parish Jail, 610 F. Supp. 2d 545, 549 (E.D. La. 2009); Jones v. St. Tammany Parish Jail, 4 F.Supp.2d 606, 613 (E.D. La. 1998) (dismissing the St. Tammany Parish Jail with prejudice); Dale v. Bridges, No. 3:96–CV–3088–AH, 1997 WL 810033 at *1 n. 1 (N.D. Tx. Dec. 22, 1997) (Dallas

County Jail is not an entity capable of being sued). Thus, Fay cannot state a claim against CPCF.

### III. Conclusion

Because Fay fails to state a constitutional claim against CPCF, Sheriff Garber, the Lafayette Parish Sheriff's Office, the Concordia Parish Sheriff, or the LPCC Warden, IT IS RECOMMENDED that Fay's claims against those Defendants be DENIED and DISMISSED WITH PREJUDICE under § 1915(e)(2)(b) and § 1915A. Fay's failure to protect claim and medical care claim will be served on Warden Moore and Officer Haile pursuant to a separate order.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __11th__ day of March, 2019.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge