b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| PATRICK FAY, Plaintiff | CIVIL DOCKET NO. 1:18-CV-01505 |
| VERSUS | JUDGE DRELL |
| CONCORDIA PARISH CORRECTIONAL FACILITY, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM ORDER

Before the Court is a Motion for Summary Judgment (ECF No. 33) filed by Defendants. Due to an assortment of delays and logistical struggles, Plaintiff Patrick Fay ("Fay") has been unable to respond to the Motion because he was denied access to a law library or other type of legal assistance. Meanwhile, Defendants' Motion may have become stale or otherwise impacted by intervening events. Defendants' Motion for Summary Judgment (ECF No. 33) is thus MOOTED. Defendants are ORDERED to supplement their submissions and to file either a new Motion for Summary Judgment or a Statement of Issues for Trial within 30 days of this Order.

I. Background

Fay filed this *pro se* complaint pursuant to 42 U.S.C. § 1983, *in forma pauperis.* Fay claims that, while he was confined in the Catahoula Parish Correctional Facility ("CPCF") as a pretrial detainee, Defendants imprisoned him

with convicted inmates held by the Louisiana Department of Corrections ("DOC"); failed to protect him from other inmates; and failed to provide him medical care for injuries suffered from an attack by other inmates. ECF Nos. 6, 11, 12, 20. The remaining Defendants are Lance Moore ("Moore") (Warden of CPCF), Tommy Taylor ("Taylor") (a correctional officer at CPCF), and Mackey Stockstill ("Stockstill") ("medical administrator" at CPCF).[1]

Defendants Moore and Taylor answered the complaint. ECF No. 31. The summons on Stockstill was returned unexecuted because she is no longer employed at CPCF. ECF No. 31.

Defendants Moore and Taylor filed a Motion for Summary Judgment (ECF No. 33). Soon thereafter, Fay filed a letter asking for assistance and informing the Court that he was in the Concordia Parish Correctional Facility where, because he is a pretrial detainee instead of a convicted DOC inmate, he is not allowed to use the law library, is not provided legal assistance, and is not allowed to make copies.[2] ECF No. 35. To date, Fay has not filed an opposition to Defendants' Motion for Summary Judgment.

Within the last two weeks, Fay notified the Court that he had been transferred to the Lafayette Parish Correctional Center. ECF No. 36. Fay is apparently now able to respond.

---

[1] The complaint against the other named Defendants was dismissed. ECF No. 14.

[2] Fay recently notified the Court that he had been transferred to the Lafayette Parish Correctional Center. ECF No. 36.

2

## II. Law and Analysis

Prisoners have a constitutionally protected right of access to the courts. *See Brewer v. Wilkinson*, 3 F.3d 816, 820-21 (5th Cir. 1993), cert. den., 510 U.S. 1123 (1994). Interference with access to the courts may constitute the deprivation of a substantive constitutional right, and may give rise to a claim for relief under § 1983. Any deliberate impediment to access, even a delay of access, may be a constitutional deprivation. *See Jackson v. Procunier*, 789 F.2d 307, 310-11 (5th Cir. 1986); *see also Crowder v. Sinyard*, 884 F.2d 804, 811 (5th Cir. 1989), cert. den., 498 U.S. 924 (1990).

"The right of access to the courts, however, 'guarantees no particular methodology but rather the conferral of a capability—the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'" *Terry v. Hubert*, 609 F.3d 757, 761 (5th Cir. 2010) (citing *Lewis v. Casey*, 518 U.S. 343, 354 (1996)). Prison authorities are required to assist inmates in preparing and filing meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law. *See Bounds v. Smith*, 430 U.S. 817, 828 (1977); *see also Brewer*, 3 F.3d at 820-21. Making library facilities available to inmates is merely one constitutionally acceptable method to assure meaningful access to the courts; prisons may use alternative means to achieve that goal. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996); *see also Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999).

It appears that Plaintiff has not responded to the Motion for Summary Judgment because he was denied access to a law library or other legal assistance while incarcerated at CPCF. The Court assigns no fault to CPCF. Moreover, Fay does not seek – and the Court does not opine about – recovery for denied access to the courts. But Fay is entitled to respond, in substance, to Defendants' motions and to do so with constitutionally adequate resources. Therefore, the Court does not construe Fay's lack of response as a lack of opposition to the Motion. Because it appears that Fay has not had an opportunity to prepare a response to the Motion, Defendants' Motion for Summary Judgment (ECF No. 33) is denied without prejudice.

Defendants will be afforded the opportunity to update their submissions and file a new Motion.

### III. Conclusion

IT IS ORDERED That Defendants' Motion for Summary Judgment is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Defendants have **21 days** to supplement their response to the Court's Order (ECF No. 15) to file Fay's medical records and other pertinent documents, to include any new documents since Defendants' original submission on October 24, 2019. The submissions should include: medical records from all prisons facilities Fay has been in since leaving CPCF and from all outside providers (including dental); warden's unusual occurrence reports; grievances and responses thereto; and any other documents pertinent to the issues

in this case. Defendants shall provide copies of those records and documents to Plaintiff. *See* Fed. R. Civ. P. 26(a)(1).

**Any physician, medical facility, or other health care provider which has examined or administered treatment of any kind to plaintiff relative to the complaint alleged IS ORDERED to release to any party herein, pursuant to any request of that party, and at that party's expense, any and all such medical records that it may possess.**

IT IS FURTHER ORDERED that, after Defendants file the supplemental medical records and other documents, they have **9 more days (30 days total)** to file a second Motion for Summary Judgment (with a supplemental memorandum and new attachments, if any) OR a statement of issues for trial, as set out in the Court's order of June 5, 2019 (ECF No. 15).

IT IS ORDERED that Fay will have **21 days** to file a response to Defendants' Motion for Summary Judgment or statement of issues for trial, whichever is filed. Failure to file a response will be construed as a lack of opposition.

IT IS ORDERED that Defendants have **10 days** to file a reply to Fay's response.

SIGNED on Thursday, November 5, 2020.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge